IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| DONTE L. SHEPPARD, | ) | |
| | ) | Civil Action File No.:  5:21-cv-50 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL REQUESTED |
| PILGRIM'S PRIDE CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Donte L. Sheppard ("Sheppard" or "Plaintiff"), by and through his undersigned counsel, and files this Complaint against Pilgrim's Pride Corporation ("Pilgrim's Pride") for interfering with his rights afforded to him by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and in support thereof further states as follows:

### I.   Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

2. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391(b) because all or a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

### II.   Parties

3.      Plaintiff Donte Sheppard resides in Ambrose, Georgia and is a citizen of the United States.  Sheppard was employed by Defendant Pilgrim's Pride in Douglas, Georgia (within this District).

4.      Defendant Pilgrim's Pride Corporation is a corporation which conducts business within this State and District and maintains its principal place of business at 1770 Promontory Circle, Greeley, Colorado, 80634.  Pilgrim's Pride is a corporation specializing in poultry production.  Pilgrim's Pride is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA  30092.

5.      Pilgrim's Pride was and is an "employer" within the meaning of the FMLA. 29 CFR 825.104.

### III.    Facts

6.      Mr. Sheppard was a Pilgrim's Pride employee from February, 2011, until December, 2020.

7.      On or about November 9, 2020, Mr. Sheppard was required by Pilgrim's Pride to submit to a test for COVID-19, which returned a positive result. Immediately thereafter, Mr. Sheppard was quarantined and unable to work.

8. On or about November 18, 2020, Mr. Sheppard's 10-year-old daughter tested positive for COVID-19 and was quarantined. Mr. Sheppard cared for his daughter during this quarantine period.

9. Mr. Sheppard informed his employer of his family members' respective COVID-19 diagnoses and that he would need to care for them.

10. Mr. Sheppard's physician excused Mr. Sheppard from work due to lingering effects from the COVID-19 virus.

11. Mr. Sheppard's employment with Pilgrim's Pride was terminated in December of 2020 while Mr. Sheppard was out on medical leave and caring for family members who had contracted COVID-19.

## IV.   CLAIMS

### Violation of the Family and Medical Leave Act

12. Plaintiffs hereby repeat and incorporate by reference paragraphs 1-12 herein.

13. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated provisions of the FMLA and corresponding federal regulations.

14. As a result of Defendant's violations of the FMLA, Plaintiff's employment was terminated.

15. The FMLA provides up to 12 weeks of leave for qualified employees. Plaintiff was a qualified employee under the FMLA.

16. Pilgrim's Pride terminated Plaintiff while Plaintiff was on medical leave, under medical quarantine, and caring for family members with COVID-19.

17. Defendant subjected Plaintiff to materially adverse employment action; specifically, termination, because of Plaintiff's protected activity pursuant to the FMLA.

18. Defendant's actions were willful.

19. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer: lost wages in the form of back pay and lost front pay, lost benefits and entitlements, loss of earning capacity, damage to his career and reputation, personal humiliation, mental anguish, emotional distress, and loss of enjoyment of life.

## V.     Prayer For Relief

WHEREFORE, the named Plaintiff, pursuant to Section 216(b) of the FMLA, prays for the following relief:

A. Damages for lost wages and benefits and prejudgment interest thereon;

B. Liquidated damages for lost wages and benefits and prejudgment interest thereon;

C. Damages for mental and emotional suffering caused by Defendant's misconduct;

D. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

E. That Plaintiff be awarded reasonable attorneys' fees pursuant to the FMLA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

F. That Plaintiff be awarded the costs and expenses of this action; and

G. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[1]

Respectfully submitted this 28th day of July, 2021.

/s/ Tyler Kaspers
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-994-3128
tyler@kaspersfirm.com

Counsel for Plaintiff

---

[1] Plaintiff has attached hereto a Civil Action Cover Sheet as "Exhibit 1" and a Summons for the Defendant as "Exhibit 2."